## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **Victorianne Ferrugia,** | ) |
| | ) **CIVIL ACTION** |
| **Plaintiff,** | ) **FILE NO. _____** |
| | ) |
| **v.** | ) |
| | ) **DEFENDANT'S NOTICE OF** |
| | ) **REMOVAL PURSUANT TO** |
| | ) **28 U.S.C. §§ 1332, 1441 and 1446.** |
| | ) |
| **James Walker,** | ) |
| **Mansfield Energy Corp., and** | ) |
| **Team Logistics, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**TO:**   The Judges of the United States District Court for the Middle District of

Florida, Tampa Division.

**TO:**  Plaintiff Victorianne Ferrugia

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants James Walker

("Walker"), Mansfield Energy Corp. ("Mansfield Energy"), and Team Logistics,

LLC ("Team Logistics") (collectively referred to as "Defendants") hereby submit

this Notice of Removal, showing the following:

## BACKGROUND

On September 14, 2021, Plaintiff filed a complaint against Mansfield

Energy and Walker in the Middle District of Florida, Tampa Division Civil

1

Docket 8:21-cv-02183-KKM-AAS ("First District Court Action"). On October 13, 2021, Plaintiff voluntarily dismissed the First District Court Action stating that she will refile the complaint in state court.

On October 19, 2021, Plaintiff filed the instant complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida Case No. 21CA008363 (the "State Court Action").

Defendants now file this Notice of Removal to the Middle District of Florida, Tampa Division. As required by 28 U.S.C. § 1446(a), copies of all alleged process, pleadings and orders in the State Court Action are attached to this Notice of Removal as "**Exhibit 1**". All Defendants consent to removal.

## BASIS FOR REMOVAL

### A. Diversity Jurisdiction.

This case is removable under 28 U.S.C. § 1332, which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; . . ." 28 U.S.C. § 1332(a)(1).

Although Plaintiff's Complaint in the State Court Action only alleges damages in excess of $30,000.00, Plaintiff is clearly requesting total damages in excess of $75,000.00 with six counts asserted against the Defendants. See State

Court Action Complaint at ¶ 1. Plaintiff's complaint in the First District Court Action, which made the same allegations based on the same facts against two of the three Defendants, also alleged damages in excess of $75,000.00. See First District Court Action Complaint at ¶ 1. As the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is citizen of Florida. See State Court Action Complaint at ¶ 2. Plaintiff also alleges that Walker is a citizen of Georgia. See State Court Action Complaint at ¶ 3. Finally, Plaintiff alleges that both Team Logistics and Mansfield Energy do business in Florida, and transport goods through Florida permitting the Court to infer that both are citizens of Florida. See State Court Action Complaint at ¶¶ 4-5. However, doing business in Florida and transporting goods through Florida is insufficient to determine citizenship. As demonstrated below, none of the Defendants are citizens of Florida.

Walker, by Plaintiff's own allegation, which Walker does not dispute, is a citizen of Georgia. See State Court Action Complaint at ¶ 3.

Mansfield Energy is also a citizen of Georgia. "For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it has been incorporated as well as the state in which it has its principal place of business."

28 U.S.C. § 1332(c)(1); <u>Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.</u>, No. 3:07-cv-374, 2007 U.S. Dist. LEXIS 78086, at *6 (M.D. Fla. Oct. 22, 2007). Mansfield Energy is a corporation incorporated in Georgia with its principal place of business also located in Gainesville, Georgia. Therefore, Mansfield Energy is solely a citizen of the state of Georgia.

Team Logistics is a Georgia limited liability company with its principal place of business and registered agent in Hall County, Georgia. "For purposes of determining diversity jurisdiction, the citizenship of a limited liability corporation (LLC) is the citizenship of each of its members. If a member of an LLC is itself an LLC, the citizenship of the LLC 'must be traced through however many layers of partners or members there may be.'" <u>Hilbrich v. Sandbox Grp.</u>, No. 20-20130-Civ-COOKE/GOODMAN, 2021 U.S. Dist. LEXIS 97477, at *8 (S.D. Fla. Mar. 5, 2021) (citations omitted). As of the date of filing the instant action, Team Logistics has two members: (1) the first member is a Georgia LLC, which is solely owned by Georgia corporation with its principal place of business in Georgia; (2) the second member is a South Carolina corporation with its principal place of business in South Carolina. Team Logistics is, therefore, not a citizen of Florida.

**B. Other General Requirements for Removal**

The Notice of Removal is timely under 28 U.S.C. § 1446(b) because

Team Logistics and Mansfield Energy were allegedly the first defendants served on October 26, 2021. The Defendants have not answered or otherwise appeared in the State Court Action.

Defendants' counsel has filed a Notice of Filing Removal Action in the State Court Action and served Plaintiff's counsel.

WHEREFORE, Defendants submit this Notice of Removal of the State Court Action to this Court.

RESPECTFULLY SUBMITTED this 15th day of November, 2021.

*/s/ Viraj P. Deshmukh*
**VIRAJ DESHMUKH**
Florida State Bar No.116153

For the Firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111; Facsimile: (770) 925-8597
vdeshmukh@tokn.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Notice of Removal** was served on counsel of record via Florida Courts E-Filing Portal in this 15th day of November, 2021.

Megan Cummings, Esquire
The Nurse Lawyer P.A.
201 Alt 19 S
Palm Harbor, Florida 34683
service@thenurselawyer.com
*Attorney for Plaintiff*

RESPECTFULLY SUBMITTED,

*/s/ Viraj P. Deshmukh*
**VIRAJ DESHMUKH**
Florida State Bar No.116153

For the Firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111; Facsimile: (770) 925-8597
vdeshmukh@tokn.com
*Attorney for Defendants*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>Victorianne Ferrugia</u>
Plaintiff                                                              Case # _____

                                                                         Judge  _____

vs.

<u>Team Logistics Co., LLC, Mansfield Energy Corp., James Walker</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

EXHBIT 1

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
　　　☐ Business governance
　　　☐ Business torts
　　　☐ Environmental/Toxic tort
　　　☐ Third party indemnification
　　　☐ Construction defect
　　　☐ Mass tort
　　　☐ Negligent security
　　　☐ Nursing home negligence
　　　☐ Premises liability—commercial
　　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　　☐ Commercial foreclosure
　　　☐ Homestead residential foreclosure
　　　☐ Non-homestead residential foreclosure
　　　☐ Other real property actions

☐ Professional malpractice
　　　☐ Malpractice—business
　　　☐ Malpractice—medical
　　　☐ Malpractice—other professional
☐ Other
　　　☐ Antitrust/Trade regulation
　　　☐ Business transactions
　　　☐ Constitutional challenge—statute or ordinance
　　　☐ Constitutional challenge—proposed amendment
　　　☐ Corporate trusts
　　　☐ Discrimination—employment or other
　　　☐ Insurance claims
　　　☐ Intellectual property
　　　☐ Libel/Slander
　　　☐ Shareholder derivative action
　　　☐ Securities litigation
　　　☐ Trade secrets
　　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

      <u>3</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☐ no
      ☒ yes If "yes," list all related cases by name, case number, and court.
      <u>8:21-cv-02183-KKM-AAS - Middle District</u>

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ yes
      ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Maryann Furman</u>        Fla. Bar # <u>26535</u>
        Attorney or party             (Bar # if attorney)

<u>Maryann Furman</u>          <u>10/19/2021</u>
  (type or print name)         Date

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

VICTORIANNE FERRUGIA

     Plaintiffs,

v.                          Case Number: 21-CA-008363
                                       Division D

TEAM LOGISTICS CO., LLC; MANSFIELD ENERGY CORP.; JAMES WALKER

     Defendants.

---

## DIFFERENTIATED CASE MANAGEMENT ORDER &

## NOTICE OF HEARING

## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

       THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-023 (the "**Case Management Plan**") on April 26, 2021.

       Accordingly, it is now

       **FOUND, ORDERED, and ADJUDGED** that:

1. **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

     Filed 10/20/2021 7:25:18 AM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.** The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a. Filing a motion and setting it for hearing; or

   b. Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.** Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a. **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

   b. **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

   The Court's Zoom link is https://zoom.us/j.3058068636 and Zoom Meeting ID is 305-806-8636. No additional password is required for attendance.

   c. **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

    i. **Automatic Excusal.**

        1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

        2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

    ii. **Discretionary Excusal.**

        1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

            a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, AND the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

            b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.** The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).** Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the **"Portal"**) a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 *(Circuit Civil Division)*, and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

   <u>**Certificate of Conferral Prior to Filing**</u>

   ***"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by*** <u>*[date and method of communication (select one of the following: in person, telephone, or video conference)]*</u> ***with the opposing party or counsel and*** <u>*[the opposing party or*</u>

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)]."*

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

    iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

    v.  It is the responsibility of counsel to select experts who:

        1.  Are prepared to make themselves available for deposition within the expert discovery period; and

        2.  Are prepared to respond promptly to requests for deposition dates.

    vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 10/19/2021 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 2/16/2022 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 3/18/2022 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 4/18/2022 |
| **Court-Ordered Case Management Conference.**<br>NOTE: This hearing will be conducted remotely. Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 05/20/2022<br>At<br>10:30 AM |
| **Deadline for completion of fact discovery.** | 7/18/2022 |

Filed 10/20/2021 7:25:18 AM Hillsborough County Clerk of the Circuit Court

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel   discovery.** <br> [284 days after filing of complaint.] | 8/1/2022 |
| **Plaintiff's expert disclosure deadline.** <br> [300 days after filing of complaint.] | 8/15/2022 |
| **Defendant's expert disclosure deadline.** <br> [330 days after filing of complaint.] | 9/14/2022 |
| **Rebuttal expert disclosure deadline.** <br> [344 days after filing of complaint.] | 9/28/2022 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").** <br> [390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 11/14/2022 |
| **Deadline for completion of mediation or non-binding arbitration.** <br> [420 days after filing of complaint.] | 12/13/2022 |
| **Deadline for completion of expert discovery.** <br> [420 days after filing of complaint.] | 12/13/2022 |
| **Month and year of the projected trial term.** <br> [540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | April, 2023 |

ENTERED by the undersigned judge on the date imprinted below.

21-CA-008393 10/20/2021 7:25:13 AM

**Circuit Judge**

Filed 10/20/2021 7:25:18 AM Hillsborough County Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Victorianne Ferrugia,

      Plaintiff,

v.

                                    Case No.:
                                    Division:

James Walker,
Team Logistics Co., LLC, and
Mansfield Energy Corp.,

      Defendants.

_____/

### **Plaintiff's First Complaint**

      Comes now, the Plaintiff, Victorianne Ferrugia, by and through the undersigned counsel, and hereby sues Defendants, James Walker, Team Logistics Co., LLC, and Mansfield Energy Corp., and upon information and belief, alleges as follows:

### **General Allegations**

1.      This is an action for damages in excess of $30,000.

2.      At all times material herein, the Plaintiff, Victorianne Ferrugia, was a resident of Pasco County, Florida.

3.      At all material herein, the Defendant, James Walker, was a resident of Habersham County, GA.

4.      At all times material herein, Defendant, Team Logistics Co. LLC (hereinafter "Team Logistics"), is a corporation doing business in the State of

Florida, transports goods throughout the State of Florida, and has business offices for the transaction of its customary business in Hillsborough County, Florida.

5.      At all times material herein, Defendant, Mansfield Energy Corp., is a corporation doing business in the State of Florida, transports goods throughout the State of Florida, and does business in the State of Florida, including Hillsborough County, Florida.

6.      The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

7.      At all times material hereto, Defendants, Team Logistics and Mansfield Energy Corp., were authorized interstate motor carriers authorized to transport goods in interstate commerce and in the State of Georgia and Florida for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both. Accordingly, Defendants, Team Logistics and Mansfield Energy Corp., were subject to all state and federal laws, statutes, regulations and industry

standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation Chapter 316 of the Florida Statutes  governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSRs") set subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 - Transportation.

8.      In return for the privilege to operate commercial motor vehicles on the public highways transporting goods in interstate commerce, motor carriers like Defendants, Team Logistics and Mansfield Energy Corp., must make certain safety related certifications and verifications to the United States Department of Transportation.  In order to obtain operating authority and get a USDOT Number, Defendants, Team Logistics and Mansfield Energy Corp., had to submit a Form OP-1 Application for Motor Property Carrier and Broker Authority or equivalent. Defendants, Team Logistics and Mansfield Energy Corp., had to submit a similar application with the same certifications to obtain authority to operate as a Broker of goods in interstate commerce.

9.      Each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendants, Team Logistics and Mansfield Energy Corp., had access to and is familiar with all applicable U.S. DOT regulations relating to the safe operation of commercial motor vehicles and that Defendants, Team Logistics and Mansfield

Energy Corp., will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

10.    More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants, Team Logistics and Mansfield Energy Corp.:

a.    had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b.    can produce a copy of the FMCSRs;

c.    had and will have in place a driver safety training/orientation program;

d.    had and will have prepared and maintain an accident register;

e.    are familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

f.    had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.    are familiar with, and had and will have in place a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.    must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

11.    Representatives of Defendants, Team Logistics and Mansfield Energy Corp., swore under penalty of perjury to comply with the above "Safety Certifications."

12.    At all relevant times, Defendant, James Walker, was a class A licensed motor vehicle operator driving a 2020 Peterbilt semi bearing VIN# 1XPCDP9X9LD722878.  Accordingly, Defendant, James Walker, was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers.

13.    At all relevant times, the subject Semi was owned by Defendants, Team Logistics and Mansfield Energy Corp., and was being operated by Defendant, James Walker, with consent for the benefit of Defendants, Team Logistics and Mansfield Energy Corp.

14.    At all relevant times, Defendant, James Walker, was employed and/or contracted to perform services for Defendants, Team Logistics and Mansfield Energy Corp., under its US DOT operating authority and was subject to Defendants, Team Logistics and Mansfield Energy Corp.'s control or right to control, such that Defendants, Team Logistics and Mansfield Energy Corp.,

should be considered actual and statutory employers and therefore vicariously liable for Defendant, James Walker's negligence.

15.     At all relevant times, Defendant, James Walker, was operating a commercial motor vehicle for Defendants, Team Logistics and Mansfield Energy Corp., in their affairs and was subject to Team Logistic and Mansfield Energy Corp.'s control or right to control such that Mansfield Energy Corp. should be considered Defendant, James Walker's employer and therefore vicariously liable for Defendant, James Walker's negligence.

16.     Accordingly, Defendants, James Walker, Team Logistics and Mansfield Energy Corp., are personally liable, jointly and severally, in partnership, joint venture or sole proprietorship for the crash and resulting permanent injuries and damages suffered by Plaintiff, Victorianne Ferrugia, claimed herein.

17.     Each Defendant acted in a manner that either alone or combined and concurring with the actions of other Defendant's acts of negligence, directly and proximately caused the incident and the resulting injuries to the Plaintiff, Victorianne Ferrugia.

18.     Plaintiff, Victorianne Ferrugia, seeks all damages permissible under Federal law, including, but not limited to, the conscious pain and suffering, disfigurement and mental anguish she experiences from her injuries.

19.     On October 29, 2020, at approximately 09:30 PM, Plaintiff was operating her 2019 Honda Accord (VIN# 19XFC2F80KE009284), while being

properly restrained, traveling on HWY 129 approaching Jefferson Rd in Clark County, Georgia.

20.     At that time and place, Defendant James Walker was also traveling on HWY 129 approaching Jefferson Rd while operating the Semi for Defendants as set forth herein and in the capacity as agent, servant, workman, and/or employee of Defendants, Team Logistics and Mansfield Energy Corp.

21.     At that time and place, Defendant, James Walker negligently operate or maintained the Semi so that it collided with the Plaintiff's motor vehicle.

22.     Specifically, the Defendant, James Walker, rear-ended the Plaintiff's vehicle.

## Count I – Negligence Against Defendant, James Walker

23.     Plaintiff, Victorianne Ferrugia, realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this complaint as if the same were more specifically set forth herein, and further alleges:

24.     At all times material hereto, Defendant, James Walker, had non-delegable duties to maintain and operate the Semi in a reasonable and safe manner and to know of and abide by all state and federal laws, statutes, regulations and industry standards governing the safe operation of commercial motor vehicles.

25.     Defendant, James Walker, breached those duties and was negligent and/or reckless in the operation, maintenance and inspection of the Semi in one or more of the following ways:

a.     Failing to maintain proper and adequate control of the Semi so as to avoid causing the Crash;

b.     Operating the Semi in a negligent and unsafe manner; Negligently maintaining the Semi;

c.     Failing to keep a proper lookout while operating the Semi;

d.     Failing to maintain proper speed for the circumstances;

e.     Improperly stopping on an interstate;

f.     Failing to use proper emergency stop and start procedures for stopping on and then reentering traffic on an interstate;

g.     Failing to take reasonable safety precautions to avoid the collision with the Plaintiff's vehicle;

h.     Failing to operate the Semi in accordance with generally accepted safety principles and practices of the trucking industry;

i.     Failing to operate the Semi in a safe and prudent manner in view of the conditions that existed at the time of the subject collision.

j.     Driving recklessly in violation of F.S. §316.192;

k.   Impeding traffic or otherwise violating required minimum speed limits in violation of F.S. §316.183(5);

l.   Failing to pay proper attention while operating the Semi on I-75;

m.   Failing to take proper precautions in the operation of the Semi so as to avoid the collision that occurred with Plaintiff;

n.   Operating the Semi in a negligent, careless and reckless manner without due regard for the rights and safety of other motorists, including Plaintiff;

o.   Failing to exercise due care and caution under all of the existing circumstances;

p.   Failing to have the Semi appropriately lit so that it could be readily seen and avoided in light of the conditions;

q.   Failing to remain alert to the conditions then and there existing at the time of the Crash;

r.   Traveling at a reduced and unsafe rate of speed under the circumstances;

s.   Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of commercial motor vehicles and/or tractor trailer units;

t.   Failing to operate his Semi in accordance with the Federal Motor Carrier Safety Regulations;

u.   Failing to ensure the parts and accessories of the Semi were in good working order in violation of Section 392.7;

v.   Failing to adhere to the requirements with respect to lamps and reflectors and/or conspicuity requirements in violation of Section 393.9; 393.11; 393.13; 393.19; and 393.95;

w.   Failing to properly control his Semi unit in light of the circumstances then and there existing, including night operations while traveling under the speed limit in violation of the conspicuity requirements;

x.   Failing to make necessary and reasonable observations while operating his Semi;

y.   Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid the crash with Plaintiff;

z.   Violating Sections 383.110; 383.111; and 383.113 dealing with required knowledge and skills;

aa.   Violating Section 395.1 with respect to hours of service of drivers;

bb.   Failing to adhere to the amount of driving hours limit;

cc.   Causing the Crash due to being on the road for more than the regulated amount of hours;

dd.   Operating the Semi in an unsafe condition in violation of Section 396.7;

ee.   Failing to inspect the Semi before and during its operation in violation of Section 396.9; 396.11; 396.13; and 396.17;

ff.   Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

gg.   Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial motor vehicles;

hh.   Violating both the written and unwritten policies, rules, guidelines and regulations of Pro Transport;

ii.   Consciously choosing to drive under the minimum speed limit at night without proper lamps and/or reflectors and in violation of other conspicuity requirements;

jj.   Consciously choosing to drive over the regulated amount of hours;

kk.   Consciously choosing not to pull his Semi over at an appropriate exit when the regulated limit amount of driving and/or on duty hours were met;

ll.   Consciously choosing to pull his tractor trailer over when he knew it was unsafe to be operating same due to the nighttime conditions and reduced speed;

mm.  Acting with a conscious disregard for the rights and safety of other motorists, including Plaintiff.

26.    Defendant, James Walker, negligently, carelessly, and recklessly breached the duties owed to Plaintiff and violated laws that were intended to protect motorists like Plaintiff.

27.    As a direct and proximate cause of the negligence and/or recklessness of Defendant, James Walker, Plaintiff suffered permanent injuries.

28.    As a result of the negligence and recklessness of Defendant, James Walker, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, James Walker, for all damages permitted by Florida law, including costs, prejudgment interest on expenses incurred, and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

## Count II – Negligent Hiring, Training, and Supervision Claim Against Defendant, Mansfield Energy Corp.

29. Plaintiff, Victorianne Ferrugia, incorporates and realleges into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

30. Defendant, Mansfield Energy Corp., had non-delegable duties to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

31. Upon information and belief, Defendant, Mansfield Energy Corp., failed in the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify that Defendant, James Walker, operated his Semi in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

   b. Failing to properly train and instruct its drivers on safe driving, trip planning, and routing;

   c. Negligently supervising Defendant ;

   d. Negligently entrusting Defendant, James Walker, with the Semi in question despite being aware of Defendant 's subpar safety record and poor commercial driving experience;

e.    Having a negligent mode of operation and poor safety culture that created a danger to all motorists exposed to its commercial vehicle drivers including Plaintiff;

f.    Negligently entrusting the Semi, a dangerous instrumentality, to a dangerous and unqualified driver like Defendant, James Walker.

g.    Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to, Defendant, James Walker;

h.    Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

i.    Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that violations of the FMCSA hours of service made  unfit to safely operate a commercial vehicle;

j.    Hiring and/or continuing to employ Defendant, James Walker, despite the fact that  he demonstrated a propensity for driving violations;

k.   Failing to have an appropriate disciplinary policy within the company;

l.   Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that propensity to break the vehicular rules of various states could and/or would put the driving public at risk;

m.   Permitting Defendant, James Walker, to operate the Semi when it knew or should have known that he was not properly qualified and/or trained;

n.   Failing to train and/or properly train Defendant, James Walker, prior to allowing him to operate the Semi;

o.   Allowing Defendant, James Walker, to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

p.   Failing to adopt appropriate employee manuals and/or training procedures;

q.   Failing to enforce both the written and unwritten policies of Defendant, Mansfield Energy Corp.;

r.     Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant, Mansfield Energy Corp.;

s.     Failing to implement and/or enforce an effective safety system;

t.     Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSR's;

u.     Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSR's;

v.     Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

w.     Violating the applicable rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

x.     Failing to monitor and/or regulate its drivers' actions;

y.     Failing to monitor and/or regulate its drivers' hours;

z.     Failed to have an effective auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

aa.   Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

bb.   Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

cc.   Placing more emphasis on profits than on the safety of its drivers and the motor public;

dd.   Knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial vehicles;

ee.   Failing to act upon and remedy known violations of FMCSA regulation 392.7;

ff.   Failing to act upon and remedy known violations of FMCSA regulation 393.9;

gg.   Failing to act upon and remedy known violations of FMCSA regulation 393.11;

hh.   Failing to act upon and remedy known violations of FMCSA regulation 393.13;

ii.   Failing to act upon and remedy known violations of FMCSA regulation 393.19;

jj.    Failing to act upon and remedy known violations of FMCSA regulation 393.95;

kk.    Failing to act upon and remedy known violations of FMCSA regulation 383.110;

ll.    Failing to act upon and remedy known violations of FMCSA regulation 383.111;

mm.    Failing to act upon and remedy known violations of FMCSA regulation 383.113;

nn.    Failing to act upon and remedy known violations of FMCSA regulation 395.1;

oo.    Failing to act upon and remedy known violations of FMCSA regulation 396.7;

pp.    Failing to act upon and remedy known violations of FMCSA regulation 396.9;

qq.    Failing to act upon and remedy known violations of FMCSA regulation 396.11;

rr.    Failing to act upon and remedy known violations of FMCSA regulation 396.13;

ss.    Failing to act upon and remedy known violations of FMCSA regulation 396.17;

tt.    Failing to act upon and remedy known violations of industry standards;

uu.    Acting in conscious disregard for the rights and safety of the Plaintiff;

vv.    Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

ww.    Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

xx.    Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

yy.    Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers; and

zz.    Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the traveling public and created a danger to all motorists exposed to its unsafe

commercial motor vehicle drivers like Defendant, Mansfield Energy Corp.

32.    As a direct and proximate cause of the negligence and/or recklessness of Defendant, Mansfield Energy Corp., Plaintiff suffered permanent injuries.

33.    As a result of Defendant, Mansfield Energy Corp.'s negligence, carelessness and reckless actions, Plaintiff, Victorianne Ferrugia, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Mansfield Energy Corp., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

**Count III – Vicarious Liability Claim Against Defendant, Mansfield Energy Corp. – Respondeat Superior**

34.     Plaintiff, Victorianne Ferrugia, re-alleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth here, and further alleges:

35.     At all relevant times, Defendant, James Walker, was Defendant, Mansfield Energy Corp.'s, agent, employee, servant and/or independent contractor acting within the course and scope of agency or employment, under the direct control and for the benefit of Defendant, Mansfield Energy Corp.

36.     Therefore, Defendant, Mansfield Energy Corp., is vicariously liable for the negligence of Defendant, James Walker.

37.     As a result of Defendant, James Walker's negligence and carelessness, Plaintiff suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Mansfield Energy Corp., for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment

interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

## Count IV –Vicarious Liability Claim Against
## Defendant, Mansfield Energy Corp. – Dangerous Instrumentality

38.    Plaintiff, Victorianne Ferrugia, realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

39.    Defendant, Mansfield Energy Corp., permitted Defendant, James Walker, to operate the Semi, a dangerous instrumentality, while transporting goods in interstate commerce, an ultra-hazardous activity, under its U.S. D.O.T. operating authority and is, therefore, is strictly vicariously liable for the negligence of Defendant, James Walker.

40.    As a result of Defendant, James Walker's negligence, carelessness and reckless actions, Plaintiff suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Mansfield Energy Corp., for all damages permitted by Florida law

including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

## Count V – Negligent Hiring, Training, and Supervision Claim Against Defendant, Team Logistics

41.    Plaintiff, Victorianne Ferrugia, incorporates and realleges into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

42.    Defendant, Team Logistics, had non-delegable duties to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

43.    Upon information and belief, Defendant, Team Logistics, failed in the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a.    Failing to verify that Defendant, James Walker, operated his Semi in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    b.    Failing to properly train and instruct its drivers on safe driving, trip planning, and routing;

    c.    Negligently supervising Defendant ;

d.   Negligently entrusting Defendant, James Walker, with the Semi in question despite being aware of Defendant 's subpar safety record and poor commercial driving experience;

e.   Having a negligent mode of operation and poor safety culture that created a danger to all motorists exposed to its commercial vehicle drivers including Plaintiff;

f.   Negligently entrusting the Semi, a dangerous instrumentality, to a dangerous and unqualified driver like Defendant, James Walker.

g.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to, Defendant, James Walker;

h.   Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

i.   Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that violations of the FMCSA hours of service made  unfit to safely operate a commercial vehicle;

j.      Hiring and/or continuing to employ Defendant, James Walker, despite the fact that he demonstrated a propensity for driving violations;

k.      Failing to have an appropriate disciplinary policy within the company;

l.      Hiring and/or continuing to employ Defendant, James Walker, despite the fact that it knew or should have known that propensity to break the vehicular rules of various states could and/or would put the driving public at risk;

m.      Permitting Defendant, James Walker, to operate the Semi when it knew or should have known that he was not properly qualified and/or trained;

n.      Failing to train and/or properly train Defendant, James Walker, prior to allowing him to operate the Semi;

o.      Allowing Defendant, James Walker, to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

p.      Failing to adopt appropriate employee manuals and/or training procedures;

q.    Failing to enforce both the written and unwritten policies of Defendant, Team Logistics;

r.    Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant, Team Logistics;

s.    Failing to implement and/or enforce an effective safety system;

t.    Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSR's;

u.    Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSR's;

v.    Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

w.    Violating the applicable rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

x.    Failing to monitor and/or regulate its drivers' actions;

y.    Failing to monitor and/or regulate its drivers' hours;

z.     Failed to have an effective auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

aa.    Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

bb.    Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

cc.    Placing more emphasis on profits than on the safety of its drivers and the motor public;

dd.    Knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial vehicles;

ee.    Failing to act upon and remedy known violations of FMCSA regulation 392.7;

ff.    Failing to act upon and remedy known violations of FMCSA regulation 393.9;

gg.    Failing to act upon and remedy known violations of FMCSA regulation 393.11;

hh.    Failing to act upon and remedy known violations of FMCSA regulation 393.13;

ii.   Failing to act upon and remedy known violations of FMCSA regulation 393.19;

jj.   Failing to act upon and remedy known violations of FMCSA regulation 393.95;

kk.   Failing to act upon and remedy known violations of FMCSA regulation 383.110;

ll.   Failing to act upon and remedy known violations of FMCSA regulation 383.111;

mm.   Failing to act upon and remedy known violations of FMCSA regulation 383.113;

nn.   Failing to act upon and remedy known violations of FMCSA regulation 395.1;

oo.   Failing to act upon and remedy known violations of FMCSA regulation 396.7;

pp.   Failing to act upon and remedy known violations of FMCSA regulation 396.9;

qq.   Failing to act upon and remedy known violations of FMCSA regulation 396.11;

rr.   Failing to act upon and remedy known violations of FMCSA regulation 396.13;

ss.  Failing to act upon and remedy known violations of FMCSA regulation 396.17;

tt.  Failing to act upon and remedy known violations of industry standards;

uu.  Acting in conscious disregard for the rights and safety of the Plaintiff;

vv.  Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

ww.  Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

xx.  Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

yy.  Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers; and

zz.  Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably

anticipated to cause injury and death to the traveling public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Defendant, Team Logistics.

44.     As a direct and proximate cause of the negligence and/or recklessness of Defendant, Team Logistics, Plaintiff suffered permanent injuries.

45.     As a result of Defendant, Team Logistics' negligence, carelessness and reckless actions, Plaintiff, Victorianne Ferrugia, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will continue to suffer these losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Team Logistics, for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

## Count VI – Vicarious Liability Claim Against
## Defendant, Team Logistics – Respondeat Superior

46.     Plaintiff, Victorianne Ferrugia, re-alleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

47.     At all relevant times, Defendant, James Walker, was Defendant, Team Logistics, agent, employee, servant and/or independent contractor acting within the course and scope of agency or employment, under the direct control and for the benefit of Defendant, Team Logistics.

48.     Therefore, Defendant, Team Logistics, is vicariously liable for the negligence of Defendant, James Walker.

49.     As a result of Defendant, James Walker's negligence and carelessness, Plaintiff suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Team Logistics, for all damages permitted by Florida law including costs, prejudgment interest on expenses incurred and post-judgment interest,

together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

### Count VII –Vicarious Liability Claim Against
### Defendant, Mansfield Energy Corp. – Dangerous Instrumentality

50.    Plaintiff, Victorianne Ferrugia, realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

51.    Defendant, Team Logistics, permitted Defendant, James Walker, to operate the Semi, a dangerous instrumentality, while transporting goods in interstate commerce, an ultra-hazardous activity, under its U.S. D.O.T. operating authority and is, therefore, is strictly vicariously liable for the negligence of Defendant, James Walker.

52.    As a result of Defendant, James Walker's negligence, carelessness and reckless actions, Plaintiff suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Victorianne Ferrugia, demands judgment against Defendant, Team Logistics, for all damages permitted by Florida law including

costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands a trial by jury on all issues.

## NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS
## FOR SERVICE BY ELECTRONIC MAIL

The law firm of The Nurse Lawyer, P.A. files this appearance as attorney of record for Plaintiff, Victorianne Ferrugia, in the above-styled cause, and pursuant to F.R.J.A. 2.516, designates the following e-mail address for service by electronic mail: service@thenurselawyer.com.

Respectfully submitted on October 19, 2021

Megan Cummings, Esquire
The Nurse Lawyer P.A.
201 Alt 19 S
Palm Harbor, FL 34683
Telephone: (727) 807-6182
Facsimile: (727) 848-6182
Fla. Bar No.: 112435
service@thenurselawyer.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL DISTRICT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Victorianne Ferrugia,

      Plaintiff,

v.                                   Case No.:  ▬▬▬▬▬▬▬ **21CA008363**
                                      Division:                   **D**

James Walker, Team Logistics Co.,
LLC, and Mansfield Energy Corp.,

      Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, request for production, and interrogatories in the above styled cause upon the defendant(s)

     **Team Logistics Co., LLC**
     **CORPORATION SERVICE COMPANY**
     **1201 HAYS STREET**
     **TALLAHASSEE, FL 32301**

     Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is

     **Maryann Furman, Esquire**
     FBN: 26535
     **The Nurse Lawyer, P.A.**
     201 Alt 19 S
     Palm Harbor, FL 34683-5543
     (727)807-6182 Phone
     (727)848-6182 fax
     service@thenurselawyer.com

within 20 days after service of this summons upon said defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of

said court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and the seal of said court on _October 20th_____, 2021.

**Cindy Stuart**

Clerk Circuit Court

B _Elgin Welch_

**In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the above listed attorney or his secretary at the address and telephone number given not later than seven (7) days prior to the proceeding.  If hearing impaired, contact the Florida Relay Service, telephone 1(800) 955-8770.**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL DISTRICT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Victorianne Ferrugia,

     Plaintiff,

v.

James Walker and
Mansfield Energy Corp.,

     Defendants.

_____/

Case No.: ▬▬▬▬▬▬ **21CA008363**

Division:           **D**

## SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE
GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint along with interrogatories and request for production in the above styled cause upon the defendant(s):

TO:   **James Walker**
       **1105 Jim Thomas Rd**
       **Demorest, GA 30535**

IMPORTANT

     A lawsuit has been filed against you. You have 20 days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff/Plaintiff's Attorney named below.

**The Nurse Lawyer, P.A.**
**Maryann Furman, RN, Esquire**
**FBN: 0026535**
**201 Alt 19 S**
**Palm Harbor, FL 34683-5543**
**Phone: (727) 807-6182**
**Fax: (727) 848-6182**
**service@thenurselawyer.com**

NOTE: SEE BELOW FOR ESPANOL AND FRANCAISE VERSION OF THE ENGLISH TEXT.

Witness my hand and the seal of said court on ___October 20th___, 2021.

B

In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding, contact the above listed attorney or his secretary at the address and telephone number given not later than seven (7) days prior to the proceeding. If hearing impaired, contact the Florida Relay Service, telephone 1 (800) 955-8770.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL DISTRICT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Victorianne Ferrugia,

      Plaintiff,

v.

      Case No.:   █████████ **21CA008363**
      Division:               **D**

James Walker, Team Logistics Co.,
LLC, and Mansfield Energy Corp.,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, request for production, and interrogatories in the above styled cause upon the defendant(s)

     **MANSFIELD ENERGY CORP.**
     **C/O Registered Agent, William Bradford Puryear**
     **1025 Airport Parkway, SW,**
     **Gainesville, GA, 30501**

     Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is

     **Maryann Furman, Esquire**
     FBN: 26535
     **The Nurse Lawyer, P.A.**
     201 Alt 19 S
     Palm Harbor, FL 34683-5543
     (727)807-6182 Phone
     (727)848-6182 fax
     service@thenurselawyer.com

within 20 days after service of this summons upon said defendant, exclusive of the

DIV. D

day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and the seal of said court on _____October 20th_____, 2021

Cindy Stuart

, C

By *Elgin Welch*

**In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the above listed attorney or his secretary at the address and telephone number given not later than seven (7) days prior to the proceeding.  If hearing impaired, contact the Florida Relay Service, telephone 1(800) 955-8770.**

IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN
AND FOR HILLSBOROUGH COUNTY
REQUEST FOR DIVISION ASSIGNMENT

Victorianne Ferrugia                              ,            Case No. _____

Plaintiff/Petitioner(s)
                                                              Division: _____

v.


James Walker, Team Logistics Co., LLC,

and Mansfield Energy Corp.                              ,

Defendant(s)/Respondent(s)

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above
styled case in the:

☒ Tampa Division

☐ East Division

☐ Prior Division (Please indicate Case Number and Division of previously filed action:_____,


I understand that the actual division assignment will be in accordance with the Hillsborough County
Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned
a division based on a random and equitable distribution system.



Name of Attorney: Maryann Furman, RN, Esq.
Address: 201 Alt 19 S_____
_____ Palm Harbor, FL 34683 _____
Phone Number: __(727) 807-6182_____

Email Address: service@thenurselawyer.com